UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                                                      )<br>       Plaintiff,                                 )   NO. CR-05-061-JLQ<br>                                                      )<br>    vs.                                              )<br>                                                      )   ORDER RE: PRETRIAL MOTIONS<br>                                                      )<br>BIFFER ARTHUR WELLENDORF, )<br>                                                      )<br>       Defendant.                             )<br>_____ ) | |

**Before the Court** are Plaintiff's Request to have custodians testify by affidavit; Defendant's Demand for Bench Trial (Ct. Rec. 81); Defendant's Motion to Suppress Evidence (Ct. Rec. 84); Defendant's Motion to Suppress Evidence Obtained by Circular Letter (Ct. Rec. 85); Defendant's Motion to Dismiss (Ct. Rec. 88); and Defendant's Discovery Request (Ct. Rec. 91) heard on July 14, 2005. George J.C. Jacobs III appeared on behalf of the Plaintiff. Defendant appeared personally. Also present on behalf of Plaintiff was Gerald Smith, standby counsel for the Defendant. This Order is intended to memorialize the oral rulings of the court.

   1. The court finds Defendant's Demand for Bench Trial is a knowing and voluntary waiver of his right for jury trial, having thoroughly explained to the Defendant the differences between a bench trial and a jury trial. Accordingly, Defendant's Demand for Bench Trial (Ct. Rec 81) is **Granted.**

   2. Defendant stipulated to Plaintiff's Request to have custodians testify by affidavit. Therefore, the request is **Granted.**

ORDER RE: PRETRIAL MOTIONS - 1

3. Defendant's Motion to Suppress Evidence (Ct. Rec. 84) and Defendant's Motion to Suppress Evidence Obtained by Circular Letters (Ct. Rec. 85) are **Denied** with leave to renew at trial.

4. Defendant's Motion to Dismiss is **Denied** with leave to renew at trial.

5. Defendant's Discovery Request is **Granted in Part and Denied in Part.** The Government is obligated to furnish Defendant with any *Brady, Giglio,* Jenks Act, and *Henthorne* material. The Defendant asserted he has had difficulty opening on his computer the cd-rom furnished by the Government containing the pre-trial discovery materials.

The Government shall set up a meeting for Defendant and Mr. Smith to meet with IRS Special Agent Sussane Spanski to answer any questions about Dr. Wellendorf's individual file and discovery documents. Defendant may request, and the Government shall furnish, hard copies of other discovery provided by cd-rom not to exceed 100 pages and those hard copies shall be provided. Since Mr. Smith, standby counsel, stated that he was able to open the cd-rom, the Defendant and Mr. Smith shall cooperate in assisting the Defendant to have access to the discovery materials. The remainder of Defendant's Discovery Requests are **Denied.**

**IT IS SO ORDERED**. The Clerk is directed to enter this Order and forward copies to counsel for Plaintiff, Dr. Wellendorf and Mr. Smith.

**DATED** this 15th day of July, 2005

s/ Justin L. Quackenbush

JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER RE: PRETRIAL MOTIONS - 2